for his coal rights, the sum will be $6,000, which is considerably less than some of the proof shows it to have been worth, and therefore the verdict cannot properly be considered as excessive.

The judgment of the court below will be affirmed.

*Affirmed.*

○

## Emma Belle Christian, Appellant, v. Melvin C. Heuter, Appellee.

### (Not to be reported in full.)

Appeal from the Circuit Court of Bond county; the Hon. GEORGE A. CROW, Judge, presiding. Heard in this court at the March term, 1914. Affirmed. Opinion filed July 28, 1914. Rehearing denied October 28, 1914.

### Statement of the Case.

Petition by Emma Belle Christian, administratrix of the estate of George W. Christian for a citation against MELVIN C. HEUTER to require him to account for the assets of a partnership in which the deceased and the defendant were copartners in the former's lifetime. Defendant answered the petition and afterwards made his report; showing the amounts received and the amounts paid out in settling the partnership, from which it appeared that he had paid out $372.04 in excess of his receipts. Exceptions were filed to the report and upon the hearing the petition was dismissed by the court. From the order dismissing the petition, the administratrix appeals.

HOMER L. FAIRCHILD and JOHN A. BINGHAM, for appellant.

C. E. COOK, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

### Abstract of the Decision.

1. PARTNERSHIP, § 279*—*when judgment against surviving partner payable out of firm assets.* Where a note was given by a partnership and after the death of one of the partners it was reduced to judgment against the surviving partner alone, *held* that the indebtedness expressed in the note did not merge in the judgment so as to become an individual debt of the surviving partner, and thus prevent him, when settling up the business of the partnership, from paying the claim out of the firm assets.

2. PARTNERSHIP, § 318*—*what not continuance of business by surviving partner.* A surviving partner cannot be charged with having continued to carry on the business of the partnership after the death of his copartner where it appeared that no business was done by him other than selling the firm property and collecting the accounts.

3. PARTNERSHIP, § 314*—*when acts of surviving partner not fraudulent.* Where a surviving partner in settling the business of a copartnership, paid a firm creditor a portion of its claim with the understanding such payment was not to be considered in full if there should be a surplus remaining after the payment of the debts, *held* that the fact that he thereafter paid such creditor the balance of its debt did not constitute a fraud upon the firm creditors or the creditors of the estate of the deceased partner, since the arrangement was simply to pay a debt of the partnership; and the payment was made in accordance with the law as well as good business.

---

## Allie Webb, Administratrix, Appellee, v. A. A. Hunt, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of St. Clair county; the Hon. WILLIAM E. HADLEY, Judge, presiding.    Heard in this court at the March term, 1914.    Affirmed.    Opinion filed July 28, 1914.    Rehearing denied October 28, 1914.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.